

Alan J. Sasson, Esq.
1669 East 12 Street
Brooklyn, NY 11229
(718) 339-0856
alan@Sassonlaw.com

August 12, 2013

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
*Via ECF*

**Re: Artemio Arroyo v. Cohen & Slamowitz, LLP**
**Civil No: 2:12-cv-04931-JFB-ARL**

   This firm is of counsel to the Law Office of M. Harvey Rephen & Associates, and in that capacity represents the named Plaintiff in the above action. By Order dated January 30, 2013, the Honorable Magistrate Judge Arlene Lindsay ordered that "any party planning on making a dispositive motion must take the first step in the motion process by August 12, 2013 or risk forfeiting the right to make such a motion." (Docket 9). Pursuant to the individual part rules of this Court, a pre-motion conference with the Court must be requested before making any motion pursuant to Federal Rule of Civil Procedure ("FRCP") 12 or 56.

   Plaintiff anticipates filing a Rule 56 motion for summary judgment in this action. The basis for the motion for summary judgment is straightforward. Pursuant to 15 U.S.C. 1692d(6) "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.....(6) the placement of telephone calls without meaningful disclosure of the caller's identity."

   The basis for this action is a voicemail left by the Defendant on the Plaintiff's answering machine. The exact transcription of that voicemail reads as follows: "Good morning. Kindly return this call to 1(866)542-8950. Again that number is 1(866)542-8950. Please note that New York City law requires that I tell you that I am calling about an (unintelligible) account which has a current balance of $2,722.49. Please note that this communication is from a debt collector and this communication is an attempt to collect a debt. Any information obtained will be used for that purpose. Thank you."

   As is clearly evident from the subject voicemail, the Defendant violated 15 USC 1692d(6) in failing to include the name of its firm in the voicemail. This omission clearly contravenes the FDCPA's requirement of 'meaning disclosure of the caller's identity.' Accordingly, it is respectfully submitted that the Plaintiff can establish a *prima facie* violation of the FDCPA, and that summary judgment would therefore be warranted. A Rule 56 motion is thus appropriate.



For the foregoing reasons, it is respectfully requested that this Court schedule a pre-motion conference in this action pursuant to the Individual Part Rules of this Court, so that Plaintiff may utilize the summary judgment procedure of Rule 56.

Respectfully Submitted,

By:___ /s/ Alan J. Sasson_____
Alan J. Sasson, Esq. (AS8452)
LAW OFFICE OF ALAN J. SASSON, P.C.
1669 East 12 Street, 2nd Floor
Brooklyn, New York 11229
Phone:     (718) 339-0856
Facsimile: (347) 244-7178